UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOHN EDWIN PARKER, JR.**                                        CIVIL ACTION

**VERSUS**                                                                    NO. 24-1433

**WARDEN DANIEL FLEISCHMAN, ET AL.**           SECTION: "R"(3)

## REPORT AND RECOMMENDATION

While incarcerated at the St. Tammany Parish Jail, plaintiff, John Edwin Parker, Jr., filed this federal civil action pursuant to 42 U.S.C. § 1983. In this lawsuit, he asserted claims concerning the conditions of his confinement and his medical care at the jail.

On June 25, 2024, mail sent by the Court to plaintiff at the St. Tammany Parish Jail, his address of record, was returned as undeliverable and stamped "NO LONGER IN THIS FACILITY."[1]

Plaintiff provided no alternate private home address in the complaint, and he has not notified the Court of his current address. That failure is a direct violation of this Court's Local Rules, which provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. Moreover, plaintiff was aware of his obligation, in that his complaint included the following declaration: "I understand that if I am released or

---

[1] Rec. Doc. 5.

transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2]

This Court's Local Rules further expressly provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. As already noted, more than thirty-five days ago, mail sent to plaintiff at the St. Tammany Parish Jail, his address of record, was returned by the United States Postal Service as undeliverable.[3]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

---

[2] Rec. Doc. 1, p. 5.
[3] Rec. Doc. 5.

Because plaintiff is proceeding pro se, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has not provided the Court with his current address despite being aware of his obligation to do so. Due solely to his failure, plaintiff's whereabouts are unknown, and thus this Court has no way to contact him or advance his case on the docket. Accordingly, this case should be dismissed without prejudice for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 1st day of August, 2024.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**